[Civ. No. 24332. Third Dist. Sept. 24, 1984.]

PAUL BAILEY et al., Plaintiffs and Respondents, v.
COUNTY OF EL DORADO et al., Defendants and Respondents;
HOMEOWNERS PROTECTIVE COMMITTEE OF EL DORADO
COUNTY, Real Party in Interest and Appellant.

### COUNSEL

Michael H. Remy, Tina A. Thomas and Remy & Thomas for Real Party in Interest and Appellant.

Dennis Keeley, Orville A. Armstrong, Stephen T. Terry, Michael E. Petersen and Riley, Petersen & Combellack for Plaintiffs and Respondents.

No appearance for Defendants and Respondents.

### OPINION

**BLEASE, Acting P. J.**—Appellant purports to appeal from a "minute order" of the superior court, which states that the Homeowners Protective Initiative of El Dorado County "must be removed from the November ballot." We will treat the appeal as a petition for extraordinary relief, and will issue a peremptory writ of prohibition restraining the superior court from enforcing the "minute order."

On July 31, 1984, the Board of Supervisors of El Dorado County issued a resolution directing that the Homeowners Protective Initiative be placed on the ballot for the November 1984 election. On August 20, respondents herein filed a petition for writ of mandate in the superior court, seeking, inter alia, "a mandatory [w]rit directed to the County Clerk to halt further processing of this Initiative and to not place it upon the ballot; [and] a mandatory writ directed to [the] Board of Supervisors directing such Board to vacate its order placing the Initiative on the November 1984 general election ballot[.]"

A hearing on the petition was held on August 31, and the superior court took the matter under submission. On September 6, the court issued a doc-

ument entitled "minute order," which stated that "[t]he petition is good," that "the [I]nitiative must be removed from the November ballot," and that "the measure must be eliminated from the November, 1984, ballot."

On September 7, appellant filed notice of appeal from the "judgment entered on September 6, 1984." Concurrently, appellant filed a petition for writ of supersedeas, seeking a stay of enforcement of the "minute order" of September 6, and seeking an order "commanding the County to allow the ballot to be printed with the [I]nitiative measure intact." Appellant asserted that there was an urgent need for immediate relief in that the ballot must be printed by September 24.

Respondents filed opposition to the petition for writ of supersedeas. Additionally, they filed a motion to dismiss the appeal on the ground that it was taken from a nonappealable order.

■■ ■■■■ On September 20, we issued an order denying the motion to dismiss, and stating that the notice of appeal shall be treated as a petition for writ of mandate or prohibition.[1] Further, we stayed enforcement of the "minute order" of September 6, 1984, pending further order of this court. Additionally, the order notified all parties that this court was considering issuing a peremptory writ of mandate or prohibition in the first instance, and that any further opposition was to be filed on or before September 24, 1984, at 12 noon.

Respondents timely filed further opposition. We shall issue a peremptory writ of prohibition restraining the superior court from enforcing the "minute order" of September 6, 1984.

■ Although denominated a "minute order," the document issued by the superior court was not an order or judgment. It did not direct any party to do or refrain from doing any act. It did not grant or deny any relief prayed for by the petition for writ of mandate filed in the superior court. Rather, the "minute order" merely set forth the reasons why the Homeowners Protective Initiative "must be" removed from the ballot, and it thus can only be construed to be an "opinion" or an "informal statement" of the superior court's views on the issues presented. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 5, p. 3185 ("An oral or written opin-

---

[1]As discussed *infra,* the "minute order" of September 6, 1984, is not an appealable order or judgment. "[U]nder unusual circumstances," this appellate court is authorized to treat an appeal from a nonappealable order as a petition for extraordinary relief. (See, e.g., *Olson v. Cory* (1983) 35 Cal.3d 390, 400-401 [197 Cal.Rptr. 843, 673 P.2d 720].) Here, exceptional circumstances arise from the need for immediate disposition of the issues presented, and we therefore treat the instant appeal as a petition for writ of prohibition.

ion by a trial judge, discussing and purporting to decide the issues in the manner of an appellate court opinion, is merely an informal statement of his views. It may be helpful in framing the judgment, or on appeal in interpreting ambiguous or uncertain portions of the judgment. But it is not itself the decision of the court or a judgment . . . .").)

Since the "minute order" is not an order or judgment of the superior court, it cannot be enforced to require removal of the Homeowners Protective Initiative from the November ballot. Accordingly, in order to insure that it will not be enforced as an order of the superior court, we will issue a peremptory writ of prohibition restraining the superior court from enforcing its "minute order" of September 6, 1984.

Moreover, even if the "minute order" should be liberally construed to be an order or judgment (cf. *Keller* v. *Cleaver* (1937) 20 Cal.App.2d 364 [67 P.2d 131]), we would conclude that the writ should issue.

The Homeowners Protective Initiative sets forth that "[i]t is the policy of the County of El Dorado that land use conflicts between rural and rural-residential uses and mining uses must be minimized by the creation of adequate buffer zones between such potentially conflicting land uses." To implement this policy, the initiative provides that "all projects for any kind of open pit mining or strip mining for purposes of exploration or extraction which require the removal of overburden in a total amount of more than one thousand cubic yards on any parcel shall require issuance of a special use permit. However, prior to issuing the special permit . . . the approving authority . . . shall make the finding that all boundries of the proposed project for open pit mining or strip mining shall be greater than a linear distance of 10,000 feet from any existing residential use, hospital use, church use, or school use[,] including but not limited to nursery or day care uses or any residential, hospital, church, or school use as designated in the El Dorado County General Plan or any community or specific plan, or as permitted by the zoning code of El Dorado County." An exception is provided where, after noticed public hearing, the planning commission or the board of supervisors find on the basis of substantial evidence that "the proposed project will not have any adverse impact on the environment or upon public health, safety and/or welfare," and that "the project will not discourage residential use (if so designated in the El Dorado County [G]eneral [P]lan or any community or specific plans or as permitted by the zoning code of El Dorado County) within 10,000 feet of the project boundries."

The superior court opined that the initiative must be removed from the November ballot because "the short title of the [I]nitiative is misleading to

the general public," and, "more important[ly]," because "the [I]nitiative is an unreasonable exercise of the police power."

As to the second of these reasons, presumably the superior court concluded that the initiative was invalid based on the court's finding that the initiative would result in "the complete banning countywide of surface mining[,]"[2] which the court deemed to be "an unreasonable and arbitrary exercise of [the] County's police power." However, "'[a]s [the Supreme Court has] frequently observed, it is usually more appropriate to review constitutional and other challenges to ballot propositions or initiative measures after an election rather than to disrupt the electoral process by preventing the exercise of the people's franchise, in the absence of some clear showing of invalidity.'" (*Legislature* v. *Deukmejian* (1983) 34 Cal.3d 658, 665 [194 Cal.Rptr. 781, 669 P.2d 17], quoting *Brosnahan* v. *Eu* (1982) 31 Cal.3d 1, 4 [181 Cal.Rptr. 100, 641 P.2d 200].) Furthermore, a restriction on "land use [is] valid if it [has] a 'real or substantial relation to the public health, safety, morals or general welfare.' [Citation.] . . . [B]efore a zoning ordinance can be held unconstitutional, 'it must be said . . . that [its] provisions are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.' [Citation.]" (*Associated Home Builders, Inc.* v. *City of Livermore* (1976) 18 Cal.3d 582, 604 [135 Cal.Rptr. 41, 557 P.2d 473, 92 A.L.R.3d 1038].)

Here, in opposition to the petition for writ of mandate filed in the superior court, appellant submitted affidavits setting forth a number of adverse impacts of mining operations on surrounding uses of land.[3] The initiative thus appears to have a substantial relation to the public health and welfare. It is not clear that adoption of the initiative would constitute an unreasonable exercise of the county's police power, even if the end result should be a ban on surface mining within the county. Consequently, we find that this challenge to the validity of the Homeowners Protective Initiative falls within the general rule limiting judicial inquiry into the validity of the initiative to postelection review.[4] (See *Legislature* v. *Deukmejian, supra,*

[2]The superior court "conclude[d] that it is physically impossible to locate a mining site within [the] County which is greater than 10,000 linear feet from the uses specified in the [I]nitiative." Support for that conclusion is found in the declaration of a private planning consultant, who stated that "there is no location in the County of El Dorado where an exploration or mining project that would move over 1,000 cubic yards of overburden could be commenced at least 10,000 linear feet from all existing, permitted or planned residential, hospital, church, or school uses . . . ."

[3]For example, increased vehicular traffic and increased noise and dust pollution.

[4]Of course, if the electorate should pass the initiative, the measure's validity as a reasonable exercise of the county's police power may very well be the subject of *postelection* judicial review.

We note that recent Supreme Court opinions reviewing the validity of initiative measures preelection involved the issue of whether the electorate had the power to adopt the propo-

34 Cal.3d at p. 666 ("The general rule favoring postelection review contemplates that no serious consequences will result if consideration of the validity of a measure is delayed until after an election. Under those circumstances, the normal arguments in favor of the 'passive virtues' suggest that a court not adjudicate an issue until it is clearly required to do so. If the measure passes, there will be ample time to rule on its validity. If it fails, judicial action will not be required.").)

■ We also reject the superior court's alternative reason for stating that the initiative must be removed from the November ballot. Relying on its conclusion that adoption of the initiative would result in a complete ban on surface mining throughout the county, the court found that the electorate would be misled by the short title of the initiative: "An Ordinance Adopted by the Initiative Process to Require Permanent Buffer Zones Between Residential and Similar Uses and Mining Uses." However, by its terms the initiative provides for no more or less than is indicated in the short title: buffer zones between residential and rural-residential uses and mining uses.[5] The fact that the buffer zones may be so extensive so as to, in practical effect, eliminate surface mining in the county does not render the short title to be so misleading as to require removal of the initiative from the ballot. In the body of the initiative, the extent of the buffer zones is clearly set forth. The electoral process will provide respondents ample opportunity to educate the public as to the practical effect of adoption of the initiative.

Having notified all parties that we were considering issuing a peremptory writ without first issuing an alternative writ, and having received further opposition to issuance of the writ,[6] this court is empowered to issue a peremptory writ of prohibition in the first instance. (Code Civ. Proc., §§ 1088, 1105; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].)

---

sition in the first instance, rather than, as here, a challenge to the "substance" of the initiative. (See *American Federation of Labor* v. *Eu* (1984) 36 Cal.3d 687 [206 Cal.Rptr. 89, 686 P.2d 609]; *Legislature* v. *Deukmejian, supra*, 34 Cal.3d 658.)

[5]The instant case is thus distinguishable from *Clark* v. *Jordan* (1936) 7 Cal.2d 248 [60 P.2d 457, 106 A.L.R. 549], wherein the Supreme Court found the short title "Certain Sales Taxes Forbidden—Certain Tax Limitations Rescinded—Certain Homestead Improvements and, Progressively, Improvement and Tangible Personal Property Taxes Abolished" to be misleading because the short title failed to indicate in any manner whatsoever that the measure expressly provided that land use taxation was to be substituted for taxation on personal property and improvements.

[6]In their further opposition, respondents assert that the initiative must be removed from the ballot because it is inconsistent with provisions of the Surface Mining Reclamation Act of 1975, because no study was done of the environmental impact of the initiative, and because the initiative would amend the zoning code by reference. We join in the superior court's rejection of each of these contentions.

Let a peremptory writ of prohibition issue restraining the Superior Court of the State of California in and for the County of El Dorado from enforcing the "minute order" dated September 6, 1984, issued in the case of Bailey v. County of El Dorado, El Dorado County No. 44064. This decision granting a peremptory writ of prohibition is to become final immediately. (See Cal. Rules of Court, rule 24(c).) Pending finality of this opinion, the stay previously issued will remain in effect.

Carr, J., concurred.

The petition of plaintiffs and respondents for a hearing by the Supreme Court was denied October 10, 1984.