[No. E008544. Fourth Dist., Div. Two. Feb. 26, 1993.]

BRUCE SHPILLER, Cross-complainant and Appellant, v.
HARRY C's REDLANDS, Cross-defendant and Respondent.

## COUNSEL

Gerald L. Laderman for Cross-complainant and Appellant.

Bruggeman, Smith & Peckham, R. Scott Walton and Jennifer S. Morgan for Cross-defendant and Respondent.

## OPINION

**TIMLIN, J.—**

### I.

### INTRODUCTION

Bruce Shpiller (cross-complainant) purports to appeal from an order and "notice of ruling" announcing the dismissal, pursuant to Code of Civil Procedure sections 583.410 and 583.420,[1] of both his cross-complaint against Harry C's of Redlands (cross-defendant) and cross-defendant's complaint against him. ■ A "notice of ruling" is not an appealable judgment or order and the record on appeal contains no order of dismissal. (See § 904.1.)

---

[1] All further statutory section references will be to the Code of Civil Procedure, unless otherwise noted.

For many years, this court, and most, if not all appellate courts, have repeatedly admonished appellants about the failure to make the preliminary and fundamental determination that what they are appealing from is, in fact, an appealable order or judgment. (This, of course, assumes the existence of an order or judgment.) Such admonishments being of little avail, California Rules of Court, rule 13 was amended, effective July 1, 1989, to require that every opening brief contain "either a statement that the appeal is from a judgment that finally disposes of all issues between the parties or a statement explaining why the order or nonfinal judgment is appealable."[2]

It is our experience that, despite the amendment of rule 13 of the California Rules of Court, parties continue to "appeal" from nonexistent orders and judgments and/or from documents which are not even orders or judgments. A notice of ruling is not an order; an order is a document which contains a direction by the court that a party take or refrain from action, or that certain relief is granted or not granted (see *Passavanti* v. *Williams* (1990) 225 Cal.App.3d 1602, 1605 [275 Cal.Rptr. 887]; *Bailey* v. *County of El Dorado* (1984) 162 Cal.App.3d 94, 97 [210 Cal.Rptr. 237]) and which is either entered in the court's permanent minutes or signed by the judge and stamped "filed." (See Cal. Rules of Court, rule 2(b)(1); *People* v. *Black* (1961) 55 Cal.2d 275, 276-278 [10 Cal.Rptr. 459, 358 P.2d 915]; *Herrscher* v. *Herrscher* (1953) 41 Cal.2d 300, 304 [259 P.2d 901]; *People* v. *Lara* (1988) 206 Cal.App.3d 1297, 1300-1301 [254 Cal.Rptr. 360].)

In part because appellants and/or their attorneys persisted in appealing from nonexistent orders and in denominating as "orders" documents which are not really orders, e.g., notices of ruling, this division adopted local rule 9 (Deering's Cal. Civil Practice Codes (1993 desk top ed.) pp. 1386-1387.), to require that all appellants file a docketing statement within 10 days after filing their notices of appeal. The docketing statement requires appellants to attach to it either (1) a file-stamped copy of the purported "order" or "judgment" or (2) a copy of the clerk's minutes if no written, signed order was prepared. This procedure assists the court at the earliest stage to determine if there is an order from which the appeal is noted and if it is appealable.

---

[2]Notably, defendant's brief, which was filed March 16, 1992, does not contain such a separate statement of appealability. Instead, at the end of defendant's "Statement of Case," there is a brief statement that "The Order is appealable because it dismisses the action, and an order for dismissal for want of prosecution is directly appealable." According to the Clerk of the San Bernardino Superior Court, no formal order of dismissal has ever been entered in this case.

In this case, unfortunately, defendant's notice of appeal was filed two weeks before the docketing statement requirement became effective.[3] Defendant's error in appealing from a nonexisting order and a "notice of ruling" was therefore not discovered until the record on appeal and briefs had been prepared.

In the past, we have "saved" such erroneous appeals by ordering the appellant to obtain and supply to us, on or before a certain date, a certified copy of the appealable order or judgment. Our use of this procedure is entirely discretionary. In keeping with a general trend among intermediate appellate courts of this state to reaffirm that the responsibility to perfect appeals is firmly on the shoulders of appellants, it is no longer this court's policy to "save" erroneous appeals.[4] Quoted below is a pertinent portion of such policy:

"Effective July 1, 1992, the Court of Appeal in San Bernardino will no longer give appellants an opportunity to obtain a final judgment or appealable order when an appeal is filed. The court's practice has been to notify counsel, by clerk's letter or order, of the court's opinion that the court has no jurisdiction to review the judgment or order appealed, and to allow 15 to 20 days for the appellant to file a file-stamped copy of an appealable ruling or to contest the Court of Appeal's opinion. . . . An appellant whose appeal is dismissed may contest the ruling by filing a motion to vacate the dismissal and reinstate the appeal. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . .

"The new policy will not result in the loss of any party's appellate rights because no appealable judgment or order will yet have been filed. However, appellants will have to file a new notice of appeal and pay another filing fee once the appealable judgment or order is filed in the Superior Court. The purpose of the change in policy is to encourage appellants not to file appeals prematurely and to conserve judicial resources."

Therefore, because cross-complainant did not appeal from an existing appealable order, we will dismiss the appeal.

---

[3]The delay in processing this appeal apparently was caused in part by cross-defendant's filing for bankruptcy, with its concomitant automatic stay of further legal proceedings.

[4]Eisenberg et al., California Practice Guide: Civil Appeals and Writs (The Rutter Group 1992) sections 2:262-2:263.

## II.

### DISPOSITION

Appeal dismissed. Cross-defendant and respondent shall recover costs on appeal. (Cal. Rules of Court, rule 26(a).)

Ramirez, P. J., and McDaniel, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal, Fourth District, senior judge status (Gov. Code, § 75028.1), sitting under assignment by the Chairperson of the Judicial Council.