Filed 8/23/23  Smith v. Olympia Health Care CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| NAILAH SMITH, Plaintiff and Appellant, v. OLYMPIA HEALTH CARE, LLC et al., Defendants and Respondents. | B318987 (Los Angeles County Super. Ct. No. BC712013) |

APPEAL from an order of the Superior Court of Los Angeles County, H. Jay Ford, III, Judge.  Dismissed.

Gary Rand & Suzanne E. Rand-Lewis and Suzanne E. Rand-Lewis for Plaintiff and Appellant.

Carroll, Kelly, Trotter & Franzen, David P. Pruett and Carley M. Ryckman for Defendants and Respondents Olympia Health Care and Alecto Healthcare Services Los Angeles.

Cole Pedroza, Kenneth R. Pedroza and David Z. Sohn for Defendant and Respondent Christos Kalatzis.

Plaintiff Nailah Smith purports to appeal from an order granting summary judgment in favor of defendant anesthesiologist Christos Kalatzis, M.D., and an order granting summary judgment in favor of defendants Olympia Health Care, LLC, doing business as Olympia Medical Center (Olympia), and Alecto Heathcare Services, doing business as Olympia Medical Center (Alecto) in this medical malpractice action. Smith contends the moving parties' evidence was not sufficient to shift the burden on summary judgment, and even if it was, triable issues of fact exist based on the common knowledge doctrine or res ipsa loquitur. We conclude, however, that the orders are nonappealable, and therefore, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

On June 25, 2018, Smith filed an action against Kalatzis, Olympia, Alecto, and several additional treatment providers, for medical malpractice, intentional infliction of emotional distress, battery, concealment, and breach of fiduciary duty. On July 9, 2021, Kalatzis filed a motion for summary judgment on the ground that he complied with the standard of care in the community at all times and no alleged negligent act or omission of his was a substantial factor in Smith's injuries. Among other evidence, he submitted a declaration from expert witness Gary J. Nitti, M.D., providing details from Smith's medical records and Nitti's opinion that Kalatzis complied with the standard of care.

On August 19, 2021, Olympia and Alecto filed a motion for summary judgment on the grounds that the treatment rendered by Olympia complied with the standard of care and did not cause Smith's injuries. In addition, Alecto did not operate Olympia at

the time of Smith's admission. Among other evidence, Olympia and Alecto submitted Smith's medical records, as well as the declaration of general surgery specialist Leo J. Murphy, M.D., providing his findings and opinion that Olympia and its employees acted entirely within the prevailing standard of care. They also provided the declaration of nephrology expert Madeleine Pahl, M.D.

On October 21, 2021, Smith's attorney Suzanne Rand-Lewis filed a declaration as a "preliminary opposition" to Olympia and Alecto's motion for summary judgment. Smith's attorney declared that she was unable to complete Smith's opposition to the motion for summary judgment due to a medical emergency. She asked the trial court to continue the hearing and permit Smith to file her opposition by October 28, 2021.

Olympia and Alecto objected to the Smith's request for a continuance. They noted that Smith's deposition had been continued previously due to her attorney's incapacity resulting from a medical emergency. In addition, two prior motions for summary judgment brought by other defendants had been granted due to Smith's failure to file any opposition to the motions or appear for either hearing.

On October 26, 2021, Smith's attorney filed a declaration as a "preliminary opposition" to Kalatzis's motion for summary judgment. Based on an adverse reaction during a follow up procedure, the attorney had been unable to complete Smith's opposition to Kalatzis's motion. She requested a one-week continuance of the hearing and permission to file Smith's opposition. Kalatzis objected to the continuance.

On November 4, 2021, Kalatzis filed a notice of non-opposition stating that no opposition had been filed to his motion

3

for summary judgment. The same day, a hearing was held on the motion for summary judgment filed by Olympia and Alecto. Attorney Timothy Rand-Lewis appeared for Smith and asked for a continuance of the hearing on the ground that Smith's attorney was unavailable due to medical issues.[1] He represented that attorney Gary Rand, whose name was also on the pleadings, had retired. The trial court asked counsel to submit supplemental briefing regarding the request for a continuance and encouraged Smith to associate in counsel to assist with the case.

Kalatzis, Olympia, and Alecto submitted supplemental briefing. A hearing was held on the motions for summary judgment on November 9, 2021. Timothy appeared for Smith. The trial court found that the moving parties carried their initial burdens to make a prima facie showing that one or more elements of the causes of action cannot be established, the burden shifted to Smith, and Smith failed to meet her burden. The trial court instructed the moving parties to each prepare an order granting the respective motion for summary judgment. The court noted that pursuant to the preliminary oppositions, the court had expected to receive proper opposition pleadings from Smith, albeit untimely, but no additional opposition had been received.

On December 2, 2021, the trial court entered an order granting Kalatzis's motion for summary judgment. The order stated, "IT IS HEREBY ORDERED that said Motion for Summary Judgment is granted and judgment shall be entered forthwith as requested in said Motion in favor of CHRISTOS KALATZIS, M.D. and against Plaintiff."

---

[1] Because the attorneys appearing for Smith share the same last name, they will be referred to individually by their first names for clarity.

4

On December 20, 2021, the court entered an order granting the motion for summary judgment brought by Olympia Health Care, LLC, doing business as Olympia Medical Center, and Alecto Health Care Services Los Angeles, LLC, erroneously sued as Alecto Health Care Services Los Angeles, LLC, doing business as Olympia Medical Center. The order stated that Olympic and Alecto "are entitled to Summary Judgment as a matter of law and that said Motion for Summary Judgment is GRANTED. [¶] IT IS SO ORDERED."

On December 28, 2021, Olympia and Alecto filed and served a "notice of entry of judgment," attaching only the December 20, 2021 order and no other document. On December 29, 2021, Kalatzis filed and served a "notice of entry of judgment," attaching only the December 2, 2021 order and no other document.

On February 25, 2022, Smith filed a notice of appeal from the order entered on December 2, 2021. That same day, she filed the notice of appeal from the order entered on December 20, 2021. The two appeals were consolidated in this court under one case number.

On April 14, 2022, this appellate court notified Smith that the December 20, 2021 order attached to her civil case information statement was not a final judgment entered after an order granting summary judgment and was therefore nonappealable.
This court requested that Smith provide an appealable judgment within 15 days, or if no final judgment had been entered, to demonstrate in writing why the appeal should not be dismissed.

Smith filed a 10-page response arguing that this court must construe the December 20, 2021 order as incorporating an

5

appealable judgment.  Smith asserted that she should not be penalized for the defendants' failure to properly name the judgment submitted to the trial court.

This court issued an order deferring the final determination of jurisdiction to the Division assigned to hear the appeal.  On August 4, 2023, this court notified the parties that both the December 2, 2021 order and the December 20, 2021 order were orders granting summary judgment motions, and therefore nonappealable.  The parties filed letter briefs addressing appealability.

## DISCUSSION

The parties concede that the December 2, 2021 order and the December 20, 2021 order are nonappealable.  Smith contends this court should construe the orders to incorporate appealable judgments in the interests of justice and to avoid delay.  Kalatzis does not oppose this court reaching the merits because the matter has been briefed, and Olympia and Alecto ask that we amend the December 20, 2021 order to make it a judgment.  We conclude that we do not have jurisdiction to review the nonappealable orders, and to the extent that we have discretion to amend or construe the orders to incorporate final judgments, we decline to do so.

"In California, the right to appeal is wholly statutory. [Citation.]  In order to exercise that right an appellant must take an appeal from a statutorily declared appealable judgment or order (Code Civ. Proc., § 904.1) . . .  [¶]  An order granting a motion for summary judgment is not among the types of orders specified in Code of Civil Procedure section 904.1." (*Allabach v.*

6

*Santa Clara County Fair Ass'n.* (1996) 46 Cal.App.4th 1007, 1010 (*Allabach*).)  In addition to the provisions for reconsideration of a ruling provided in Code of Civil Procedure sections 473 and 1008, the trial court has inherent authority to change its decision at any time prior to the entry of judgment.  (*Darling, Hall & Rae v. Kritt* (1999) 75 Cal.App.4th 1148, 1156.)

In this case, we have only nonappealable orders granting the motions for summary judgment and no judgment.  The statutory prerequisite for appellate review is absent.  This case is distinguishable from those in which an appeal is taken prematurely from an order granting summary judgment, but a judgment was subsequently entered.  In those circumstances, courts often construe the order as taken from the subsequent judgment.  (See, e.g., *Allabach*, *supra*, 46 Cal.App.4th at p. 1010.)

Some appellate courts have simply declared nonappealable orders to include appealable judgments (see, e.g., *Levy v. Skywalker Sound* (2003) 108 Cal.App.4th 753, 761, fn. 7), but as the appellate court in *Shpiller v. Harry C's Redlands* (1993) 13 Cal.App.4th 1177, 1180 (*Shpiller*) explained:  "[T]his court, and most, if not all appellate courts, have repeatedly admonished appellants about the failure to make the preliminary and fundamental determination that what they are appealing from is, in fact, an appealable order or judgment.  (This, of course, assumes the existence of an order or judgment.)  Such admonishments being of little avail, California Rules of Court, rule 13 was amended, effective July 1, 1989, to require that every opening brief contain 'either a statement that the appeal is from a judgment that finally disposes of all issues between the parties or a statement explaining why the order or nonfinal judgment is appealable.' [Fn. omitted.]  [¶]  It is our experience that, despite

7

the amendment of rule 13 of the California Rules of Court, parties continue to 'appeal' from nonexistent orders and judgments and/or from documents which are not even orders or judgments." (*Id.* at p. 1179.) The *Shpiller* court dismissed the appeal in that case.

This Division provided a similar warning in *Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695–1696, by refusing to rescue a defective appeal from an order sustaining a demurrer where no judgment of dismissal had been entered. Noting the appellant's resistance to obtaining an appealable order, the court advised of "the trend in this district and elsewhere to be less indulgent of parties who fail to perfect their rights of appeal." (*Ibid.*)

Notwithstanding strong admonitions against appeals from nonappealable orders, courts have continued to occasionally construe nonappealable orders to be appealable judgments for judicial efficiency. We reject the invitation to do so here. Obtaining a judgment after an interlocutory order should not be unnecessarily confusing, expensive, or time-consuming. Shortly after notices of appeal were filed in this case, and prior to the submission of briefs, this court alerted the parties that there was no appealable judgment and asked that one be provided. The parties did not do so, and this court advised them that the issue of jurisdiction would be addressed by the panel. The parties proceeded with briefing the merits without attempting to remedy the lack of a judgment. This court gave the parties a second opportunity to address the issue of nonappealable orders; again, the parties did nothing to seek to obtain and provide an appealable judgment. The parties have not asserted that any unique extenuating circumstances prevented them from

8

obtaining a judgment.  Given the long-settled procedure for obtaining a judgment and initiating an appeal, the ample time and opportunity to obtain and supply an appealable judgment, and the lack of unique extenuating circumstances, to the extent that this court has discretion to construe or amend the trial court's orders to include a final judgment, we decline to do so and dismiss the appeal for lack of jurisdiction.  If the issues between the parties are eventually resolved in a final judgment, Smith may then pursue an appeal.

## DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED.

MOOR, J.

We concur:

RUBIN, P. J.

BAKER, J.

9