Filed 9/13/24  Rademacher v. American Broadcasting Companies CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| INGO RADEMACHER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>AMERICAN BROADCASTING COMPANIES, INC.,<br><br>    Defendant and Respondent. | B331248<br><br>(Los Angeles County Super. Ct. No. 21STCV45383) |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen I. Goorvitch, Judge.  Dismissed.

JW Howard/Attorneys, John W. Howard and Scott J. Street for Plaintiff and Appellant.

Paul Hastings, Steven Marenberg, Deisy Castro and Teresa M. Greider for Defendant and Respondent.

_____

Plaintiff and appellant Ingo Rademacher purports to appeal from an order granting summary judgment in favor of defendant and respondent American Broadcasting Companies, Inc. (ABC) in this employment-related action. Rademacher contends triable issues of fact exist as to whether ABC implemented a vaccine policy that violated his privacy rights, failed to accommodate his request for a religious exemption, and wrongfully terminated him, in breach of his contract, in retaliation for political commentary. We conclude, however, that the order is nonappealable, and therefore, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Rademacher, who is an actor on the television show General Hospital, filed his original complaint against ABC in December 2021. On October 4, 2022, he filed the operative second amended complaint for several causes of action, including violation of his right to privacy, employment discrimination on the basis of his religious beliefs, wrongful termination in violation of public policy, and breach of his employment contract. He alleged ABC discriminated against him based on his religious and political beliefs by refusing his request for a religious exemption to ABC's Covid-19 vaccine requirement.

ABC filed a motion for summary judgment and supporting evidence to show ABC's parent company adopted the vaccine policy based on careful review of the available scientific evidence and Rademacher withheld the information necessary to support his request for a religious exemption.

Rademacher filed an opposition to the motion for summary judgment and supporting evidence. He argued that the vaccine policy violated his right to bodily autonomy, the decisionmaking process to impose the vaccine mandate was arbitrary and capricious, and further discovery was required to oppose the motion for summary judgment. ABC had no reason to doubt the sincerity of his religious beliefs but made no effort to accommodate them, and terminated him based on his political commentary on social media.

ABC filed a reply arguing that no triable issues of fact existed and Rademacher was not entitled to a further continuance for discovery. A hearing on ABC's motion for summary judgment and Rademacher's motion for summary adjudication was held on April 5, 2023. The trial court took the matter under submission. On June 5, 2023, the trial court issued a written order granting ABC's motion for summary judgment and denying Rademacher's motion for summary adjudication.

Rademacher filed a notice of appeal from the June 5, 2023 order, selecting the box for an appeal from a "[j]udgment after an order granting a summary judgment motion."

On September 8, 2023, this appellate court notified Rademacher that the order attached to his civil case information statement was not a final judgment entered after an order granting summary judgment and was therefore nonappealable. This court requested that Rademacher provide an appealable judgment within 15 days, or if no final judgment had been entered, to demonstrate in writing why the appeal should not be dismissed.

The parties filed a joint stipulation requesting this court construe the June 5, 2023 order as incorporating an appealable

judgment in the interests of justice and to avoid delay. They argued that the trial court's failure to enter a final judgment was an oversight that should not prevent this appellate court from proceeding with the appeal based on the existing notice of appeal. This court issued an order deferring the final determination of jurisdiction to the Division assigned to hear the appeal.

## DISCUSSION

The parties concede that the June 5, 2023 order is nonappealable. They contend this court should construe the order to incorporate an appealable judgment in the interests of justice and to avoid delay. We conclude that we do not have jurisdiction to review the nonappealable order, and to the extent that we have discretion to amend or construe the order to incorporate a final judgment, we decline to do so.

"In California, the right to appeal is wholly statutory. [Citation.] In order to exercise that right an appellant must take an appeal from a statutorily declared appealable judgment or order (Code Civ. Proc., § 904.1) . . . [¶] An order granting a motion for summary judgment is not among the types of orders specified in Code of Civil Procedure section 904.1." (*Allabach v. Santa Clara County Fair Ass'n.* (1996) 46 Cal.App.4th 1007, 1010 (*Allabach*).) In addition to the provisions for reconsideration of a ruling provided in Code of Civil Procedure sections 473 and 1008, the trial court has inherent authority to change its decision at any time prior to the entry of judgment. (*Darling, Hall & Rae v. Kritt* (1999) 75 Cal.App.4th 1148, 1156.)

In this case, we have only a nonappealable order granting the motion for summary judgment and no judgment. The

statutory prerequisite for appellate review is absent. This case is distinguishable from those in which an appeal is taken prematurely from an order granting summary judgment, but a judgment was subsequently entered. In those circumstances, courts often construe the order as taken from the subsequent judgment. (See, e.g., *Allabach*, *supra*, 46 Cal.App.4th at p. 1010.)

Some appellate courts have simply declared nonappealable orders to include appealable judgments (see, e.g., *Levy v. Skywalker Sound* (2003) 108 Cal.App.4th 753, 761, fn. 7), but as the appellate court in *Shpiller v. Harry C's Redlands* (1993) 13 Cal.App.4th 1177, 1180 (*Shpiller*) explained: "[T]his court, and most, if not all appellate courts, have repeatedly admonished appellants about the failure to make the preliminary and fundamental determination that what they are appealing from is, in fact, an appealable order or judgment. (This, of course, assumes the existence of an order or judgment.) Such admonishments being of little avail, California Rules of Court, rule 13 was amended, effective July 1, 1989, to require that every opening brief contain 'either a statement that the appeal is from a judgment that finally disposes of all issues between the parties or a statement explaining why the order or nonfinal judgment is appealable.' [Fn. omitted.] [¶] It is our experience that, despite the amendment of rule 13 of the California Rules of Court, parties continue to 'appeal' from nonexistent orders and judgments and/or from documents which are not even orders or judgments." (*Id.* at p. 1179.) The *Shpiller* court dismissed the appeal in that case.

This Division provided a similar warning in *Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695–1696, by refusing to rescue a defective appeal from an order sustaining a demurrer

5

where no judgment of dismissal had been entered. Noting the appellant's resistance to obtaining an appealable order, the court advised of "the trend in this district and elsewhere to be less indulgent of parties who fail to perfect their rights of appeal." (*Ibid.*)

As noted above, we are mindful that courts have sometimes made exceptions to the rule in the name of judicial efficiency, but we conclude that the better practice is to recognize the strict statutory limitations of appellate jurisdiction, particularly where, as here, the parties have been asked to furnish a judgment and have demonstrated no inability to obtain one. (Cf. *Levy v. Skywalker Sound*, *supra*, 108 Cal.App.4th at p. 761, fn. 7 [where neither court, nor parties raised lack of appealable judgment prior to submission, appellate court construed order granting summary judgment to incorporate appealable judgment].) Obtaining a judgment after an interlocutory order should not be unnecessarily confusing, expensive, or time-consuming. Further, following the parties' submission of their stipulation, this court advised them that the issue of jurisdiction would be addressed by the panel. The parties proceeded to brief the merits without attempting to remedy the lack of a judgment and omitted a statement of appealability from their briefs. Given the long-settled procedure for obtaining a judgment and initiating an appeal, the ample time and opportunity to obtain and supply an appealable judgment, and the lack of unique extenuating circumstances, to the extent that this court has discretion to construe or amend the trial court's orders to include a final judgment, we decline to do so and dismiss the appeal for lack of jurisdiction. If the issues between the parties are eventually

resolved in a final judgment, Rademacher may then pursue an appeal.

## DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED.


MOOR, Acting P. J.

We concur:


KIM, J.


DAVIS, J.*

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7