Filed 11/26/25  P. v. Phillips CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY PHILLIPS,<br><br>    Defendant and Appellant. | H052212, H052225<br>(Santa Clara County<br> Super. Ct. Nos. C2405946 &<br> C2402564) |

In 2023, defendant Anthony Phillips pleaded no contest to three sexual offenses and was sentenced to 19 years in state prison.

In 2024, Phillips, on his own behalf, filed postjudgment motions in the trial court in two separately docketed cases based on the California Racial Justice Act of 2020 (Stats. 2020, ch. 317, § 3.5; Pen. Code,[1] § 745) (hereafter RJA or Act).  Phillips subsequently initiated two appeals, which we consider together.

One of Phillips's appeals arises from a case in which the trial court denied Phillips's motion for discovery filed under section 745, subdivision (d) (section 745(d)) (docket No. C2402564/H052225).  The other appeal arises

---

[1] All further unspecified statutory references are to the Penal Code.

from a separate case in which Phillips filed a motion to vacate his 2023 convictions based on alleged RJA violations and a motion for the appointment of experts (docket No. C2405946/H052212). The appellate record in the latter appeal, however, does not contain any order addressing Phillips's motions.

For the reasons explained below, we dismiss Phillips's appeal in No. H052212 because it is taken from a nonexistent order and, in any event, is not appealable. We likewise dismiss Phillips's appeal in No. H052225 because the trial court's order denying Phillips's discovery motion is not appealable.

## I. PROCEDURAL BACKGROUND[2]

Pursuant to a negotiated agreement, Phillips pleaded no contest to forcible rape (§ 261, subd. (a)(2)), forcible sexual penetration (§ 289, subd. (a)(1)), and forcible lewd or lascivious act on a minor under 14 years old (§ 288, subd. (b)(1)). He further admitted taking advantage of a position of trust in the commission of the offenses. In accordance with the plea agreement, the trial court sentenced Phillips to 19 years in prison and dismissed three remaining counts. (See *People v. Phillips* (Dec. 12, 2023, H050967) [nonpub. opn.].)

In December 2023, this court affirmed the judgment. (*People v. Phillips, supra*, H050967.)

A. *RJA Discovery Case (C2402564)*

On February 16, 2024,[3] in docket No. C2402564 (hereafter RJA discovery case), the trial court accepted for filing an in propria persona "[m]otion for [d]iscovery [p]ursuant to the [RJA]" (citing, inter alia, § 745(d))

---

[2] We do not state the facts of Phillips's offenses because they are not relevant to the resolution of this appeal.

[3] Unless otherwise indicated, all dates were in 2024.

2

(hereafter discovery motion). In his discovery motion, Phillips requested various data and other information "in the physical possession of the California Attorney General and the Santa Clara County of District Attorney's Office" concerning the charging and disposition of cases against "Hispanics, African-Americans, Polynesians/Asians," and "white defendants."

Along with his discovery motion, Phillips filed a "[m]emorandum of [p]oints and [a]uthorities [in] [s]upport for California [RJA][] [d]iscovery" (hereafter supporting memorandum).[4] In his supporting memorandum, Phillips asked the trial court to grant "discovery of all of the constitutionally, legally, statutorily, and cases [*sic*] which are 'on point' for [RJA] . . . compliance and full disclosure to alleviate petitioner from the systemic and endemic racial bias, prejudice, and outright discrimination to which he has been subject to." Phillips further asserted that Santa Clara County incarcerates people of color at a racially discriminatory rate of "30 to 1," which he described as "damning evidence of substantially significant racial disparities in [the county's] imprisonment rates."

Phillips did not request the appointment of counsel in either his discovery motion or his supporting memorandum. Further, there is no indication in the appellate record for the RJA discovery case that Phillips filed any petition for writ of habeas corpus under section 1473, subdivision (e) (section 1473(e)), alleging an RJA violation.

On April 8, without holding a hearing, the trial court issued a written order denying Phillips's "two nearly identical motions for discovery under the

---

[4] The discovery motion and supporting memorandum appear to have been generated and mailed by Phillips (from prison in Vacaville) on January 8 (i.e., 39 days before they were filed in court).

[RJA]" (hereafter April 8 order).[5]  In its order, the court discussed case law on RJA discovery (i.e., *Young v. Superior Court* (2022) 79 Cal.App.5th 138 (*Young*)) and explained that section 745(d) required a good cause showing for a discovery order.  The court concluded:  Phillips "seeks broad categories of discovery based on conclusory allegations of general racial disparities in the criminal justice system and statistics documenting incarceration rates by race but does not even state his own race, ethnicity, or national origin.  This is insufficient to show good cause for discovery under the RJA."

On May 23, Phillips filed a notice of appeal (which he had signed on May 14), appealing from the trial court's April 8 order denying his discovery motion.  This court assigned Phillips's appeal case No. H052225.

B. *RJA Vacatur Case (C2405946)*

On April 15, in docket No. C2405946 (hereafter RJA vacatur case), the trial court accepted for filing two motions that Phillips prepared on his own behalf:  a "[m]otion for [v]acating [c]onvictions due to blatant [v]iolations of [RJA]" (hereafter vacatur motion), and a "[m]otion for [a]ppointment of

---

[5] As described *ante*, the appellate record in No. H052225 includes only one discovery motion and an attendant supporting memorandum, not two "nearly identical" discovery motions.  The record does not elucidate the basis for the trial court's reference to "two nearly identical motions for discovery." Nevertheless, the appellate record in Phillips's other appeal (No. H052212, discussed *post*) includes documents in which Phillips references an "initial [m]otion for RJA [d]iscovery and supporting memorandum of [l]aw" "dated *1/2/24*." (Italics added.)  That January 2 date differs from the January 8 date that appears on the filed versions of Phillips's discovery motion and supporting memorandum in No. H052225.  Phillips has not sought to augment the record with any discovery motion and supporting memorandum that he might have generated on January 2.

4

[e]xpert for RJA prima facie and/or evidentiary hearing" (hereafter expert motion).[6]

In his vacatur motion, Phillips requested that the trial court vacate his convictions or, alternatively, grant "immediate re-sentencing and/or an evidentiary hearing for the uncontroverted racism exhibited against [him] as a [B]lack man." Phillips also requested that the court grant "the [d]iscovery and appointment of experts submitted in this motion previously and currently." Phillips asserted that he had met the standard for alleging a prima facie case based on his previously filed discovery motion and supporting memorandum ("dated 1/2/24"). He alleged certain case-specific and general information showing "[W]hite defendants being treated much more leniently in both Santa Clara County and San Mateo County." Phillips claimed there is "both conclusive and damning uncontroverted evidence of outright racist charging and racist Draconian sentencing of Black[] defendants as opposed to [W]hite defendants for even more heinous and serious crimes with multiple victims than Black defendants who are similarly charged and similarly situated with only one alleged victim."

In his expert motion, Phillips reiterated that he had satisfied the prima facie case standard under the RJA. He provided some background information about multiple experts and appears to have requested the appointment of "2 or 3" experts. Phillips further requested that the trial court grant "in its entirety [his] RJA discovery motion" and, alternatively, "to issue a 'suggestive *Palma* notice' why the court should not grant immediate

---

[6] Phillips's vacatur motion and his expert motion appear to have been generated and mailed by him (from prison in Vacaville) on March 24. As noted, the trial court filed those motions 22 days later (on April 15). The appellate record does not indicate when the trial court received Phillips's motions.

re-sentencing and an evidentiary hearing o[n] appointment of experts" (italics added & capitalization omitted).

Phillips did not request the appointment of counsel in either his vacatur motion or his expert motion.

On May 23, Phillips filed a notice of appeal (which he had signed on May 14). In that notice, Phillips appealed from the "*denial of* [*RJA*] *discovery motion*" by order dated "*4/15/2024*." (Italics added.) This court assigned Phillips's appeal case No. H052212.

The appellate record in No. H052212 does not include any trial court ruling on Phillips's vacatur motion or his expert motion. The record also does not include any discovery motion denial dated "4/15/2024."

C. *Proceedings in this Court*

After Phillips filed his two notices of appeal, this court appointed appellate counsel to represent Phillips and issued an order to show cause in each appeal directing Phillips to demonstrate why his appeal should not be dismissed as taken from a nonappealable order. Through his appointed counsel, Phillips responded by filing a letter brief. Phillips also moved this court to consolidate his two appeals. This court ordered Phillips's appeals considered together (but not consolidated). Additionally, this court deferred consideration of the orders to show cause for consideration with the appeals and invited the parties to address the appealability issue in their appellate briefing.

Phillips filed a single opening brief addressing both appeals and asserting appealability under section 1237, subdivision (b) (section 1237(b)).[7] The Attorney General responded by moving to dismiss the appeals on the

---

[7] Section 1237(b) authorizes a defendant to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party."

6

ground that the trial court's order denying Phillips's RJA motions is not appealable. This court deferred consideration of the Attorney General's motion to dismiss for consideration with the merits of Phillips's appeals. Thereafter, the Attorney General filed a respondent's brief, and Phillips filed a reply brief.

## II. DISCUSSION

A. *Appeal in RJA Vacatur Case (No. H052212)*

In his opening brief, Phillips asserts that the trial court "denied [his] *two section 745 motions on April 8, 2024*, and [he] filed timely notices of appeal on May 23, 2024." (Italics added.) The two motions that Phillips asserts were denied on April 8 are his discovery motion (filed on February 16) and his vacatur motion (filed on *April 15*).[8]

The Attorney General responds that "[n]othing in the record demonstrates that the trial court ever ruled on" Phillips's vacatur motion or that Phillips "ever sought a ruling on that second motion before he filed his notice of appeal" on May 23. The Attorney General further contends Phillips forfeited any claim concerning his vacatur motion by failing to obtain a ruling on that motion.

In reply, Phillips acknowledges that his vacatur motion was filed one week after the trial court issued its April 8 order denying discovery. Nonetheless, Phillips contends that the filing date for his vacatur motion "by no means indicates that the court did not address this second motion alongside [his] first [discovery] motion filed in February." Relying on the order's mention of " 'two nearly identical motions for discovery' " (italics omitted), Phillips speculates that his vacatur motion "may have been his

---

[8] Phillips makes no argument on appeal regarding the expert motion he also filed in the RJA vacatur case.

first, and may have been presented to the court before it was technically 'filed' " on April 15.

We are not persuaded that the trial court's April 8 order amounts to a ruling on Phillips's vacatur motion, filed one week *after* the issuance of the April 8 order. Although the appellate records before this court do not definitively explain the trial court's reference to "two nearly identical motions for discovery," Phillips's vacatur motion is not "nearly identical" to his earlier filed discovery motion. In addition, Phillips offers no reason why the trial court would have assigned a new docket number (i.e., No. C2405946) to a pleading that it had already ruled on in a previously docketed proceeding (i.e., No. C2402564). Moreover, the notice of appeal Phillips filed in the RJA vacatur case purported to appeal from an order denying discovery on "4/15/2024"—not the April 8 order that Phillips specifically appealed from in the RJA discovery case. No April 15 order or, for that matter, any denial order appears in the appellate record for the RJA vacatur case.

Under these circumstances, we decide that the trial court's April 8 order (which only appears in the record for the appeal in No. H052225) did not adjudicate Phillips's later filed vacatur motion, and there is no trial court order in either appellate record that decided the two motions Phillips filed in the RJA vacatur case. Hence, Phillips's appeal in No. H052212 (which arises from the RJA vacatur case) is taken from a nonexistent order. We thus dismiss the appeal. (See *People v. Burnham* (1961) 194 Cal.App.2d 836, 838, 843 [appeal from a nonexistent order denying a motion for new trial dismissed]; see also *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 ["A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment."]; *Shpiller v. Harry C's Redlands* (1993) 13 Cal.App.4th 1177, 1180 [dismissing an appeal

8

"because cross-complainant did not appeal from an existing appealable order"].)

Alternatively, even if we were to assume arguendo that the trial court in fact denied Phillips's vacatur motion and he appealed from that denial, the trial court lacked jurisdiction to act on Phillips's vacatur motion, and the court's order denying that motion is not appealable.  (*People v. Hodge* (2024) 107 Cal.App.5th 985, 999–1000 (*Hodge*).)  Moreover, to the extent the trial court treated Phillips's vacatur motion as a petition for writ of habeas corpus (§§ 745, subd. (j)(3), 1473(e)), any ruling denying that petition also is not appealable because a defendant/petitioner may not appeal a trial court's denial of a habeas corpus petition.  Instead, the defendant/petitioner may seek review of such a denial through a subsequent habeas corpus petition filed in a reviewing court.  (*Hodge*, at p. 1000, fn. 5.)

Our dismissal of the appeal in No. H052212 is without prejudice to Phillips filing a petition for writ of habeas corpus or other appropriate request for relief under the RJA in a court of competent jurisdiction, including the Santa Clara County Superior Court.

B. *Appeal in RJA Discovery Case (No. H052225)*

Phillips contends this court should reverse the trial court's April 8 order because he met "his burden . . . to warrant the grant of discovery and appointment of counsel" and "also made a prima facie showing of an RJA violation to entitle him to an evidentiary hearing."  Regarding appealability, Phillips asserts that RJA discovery "motions are appealable under . . . section 1237, subdivision (b) as an order affecting the defendant's 'substantial rights,'" but he acknowledges that "no case has held this expressly."  Phillips further contends that *In re Montgomery* (2024) 104 Cal.App.5th 1062, review granted December 11, 2024, S287339 (*Montgomery*), and *People v. Serrano*

(2024) 106 Cal.App.5th 276, review granted January 15, 2025, S288202 (*Serrano*), "which held that the denial of a post-conviction discovery motion under the RJA was a non-appealable order," were wrongly decided.[9] Phillips argues, inter alia, that the denial of RJA discovery implicates a substantial right because it "stifles a defendant's ability to pursue an RJA claim of discrimination because he simply cannot do so without access to county data." Regarding the remedy for the alleged trial court error, Phillips states: "To the extent this [c]ourt finds that [Phillips] failed to meet his burden for discovery under the RJA, an order upon remand appointing counsel who can make the appropriate discovery motions and provide full briefing is nonetheless required."

The Attorney General responds that Phillips's appeal should be dismissed because under both *Montgomery* and *Serrano*, the denial of a freestanding motion under the RJA is not an appealable order, the trial court had no jurisdiction to consider Phillips's standalone discovery motion under the RJA, and, regardless of nonappealability, Phillips has failed demonstrate any trial court error.

### 1. Relevant Statutory Provisions

"The Racial Justice Act (§ 745) precludes the state from seeking or obtaining a criminal conviction or sentence on the basis of race, ethnicity, or national origin. It provides remedies upon proof of a violation for defendants

---

[9] The review of *Montgomery* by the California Supreme Court presents the following question: "Must a petitioner allege a prima facie case for relief under the Racial Justice Act (Pen. Code, § 745; RJA) before the trial court can consider a discovery request for disclosure of evidence under the RJA (*id.*, subd. (d))?" (See *In re Montgomery,* S287339 [Supreme Court's online case summary].) In *Serrano*, the Supreme Court has deferred further action pending its decision in *Montgomery*. (See *People v. Serrano*, S288202 [Supreme Court's online case summary].)

10

in ongoing criminal prosecutions, and also for convicted defendants whose convictions are already final if they are eligible to seek relief under the application provision of the statute." (*Hodge*, *supra*, 107 Cal.App.5th at p. 999.)

Section 745 specifies four categories of conduct that may serve as the basis for a violation of the RJA. (§ 745, subd. (a)(1)–(4).) A defendant may request disclosure of evidence relevant to a potential RJA violation, and the trial court shall order disclosure upon a showing of good cause. (*Id.*, subd. (d);[10] see also *Young*, *supra*, 79 Cal.App.5th at p. 159 [concluding that "good cause" for discovery under the RJA requires only "a plausible factual foundation, based on specific facts, that a violation of the [RJA] 'could or might have occurred' in [the] case"].)

"When it was first passed, the RJA applied only prospectively, to cases in which judgment had not yet been entered as of the Act's effective date of January 1, 2021. [Citation.] But in 2022, the Legislature extended the Act to

---

[10] Section 745(d) provides in pertinent part: "A defendant may file a motion requesting disclosure to the defense of all evidence relevant to a potential violation of subdivision (a) in the possession or control of the state. A motion filed under this section shall describe the type of records or information the defendant seeks. Upon a showing of good cause, the court shall order the records to be released."

Effective January 1, 2026, section 745(d) will provide in pertinent part: "*In any proceeding alleging a violation of subdivision (a)*, a defendant *or petitioner* may file a motion requesting disclosure to the defense of all evidence relevant to a potential violation of subdivision (a) in the possession or control of the state. A motion filed under this section, *a motion under paragraph (2) of subdivision (e) of [s]ection 1473*, or a motion under paragraph (3) of subdivision (a) of [s]ection 1473.7 shall describe the type of records or information the defendant seeks. Upon a showing of good cause, the court shall order the records to be released." (Stats. 2025, ch. 721, § 2.5, italics added [Assem. Bill No. 1071 (2025–2026 Reg. Sess.) (Assembly Bill 1071)].)

additional categories of cases, effective at various points over the next several years." (*People v. Wilson* (2024) 16 Cal.5th 874, 946.) As of "January 1, 2024, the Act applies to all cases in which the petitioner is currently serving a sentence for felony or juvenile offenses 'regardless of when the judgment or disposition became final' (§ 745, subd. (j)(3))." (*Wilson*, at p. 946, fn. 13.) Such petitioners may file a petition for writ of habeas corpus raising a claim under section 745 and request appointment of counsel. (See §§ 745, subd. (j)(3), 1473(e);[11] see also *McIntosh v. Superior Court* (2025) 110 Cal.App.5th

[11] Section 1473(e) provides in pertinent part: "Notwithstanding any other law, a writ of habeas corpus may also be prosecuted after judgment has been entered based on evidence that a criminal conviction or sentence was sought, obtained, or imposed in violation of subdivision (a) of [s]ection 745, if that section applies based on the date of judgment as provided in subdivision (j) of [s]ection 745. . . . The petition shall state if the petitioner requests appointment of counsel and the court shall appoint counsel if the petitioner cannot afford counsel and either the petition alleges facts that would establish a violation of subdivision (a) of [s]ection 745 or the State Public Defender requests counsel be appointed. . . . The court shall review a petition raising a claim pursuant to [s]ection 745 and shall determine if the petitioner has made a prima facie showing of entitlement to relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause why relief shall not be granted and hold an evidentiary hearing, unless the state declines to show cause."

Effective January 1, 2026, section 1473(e) will provide in pertinent part: "Notwithstanding any other law, a writ of habeas corpus may also be prosecuted after judgment has been entered based on evidence that a criminal conviction or sentence was sought, obtained, or imposed in violation of subdivision (a) of [s]ection 745, if that section applies based on the date of judgment as provided in subdivision (j) of [s]ection 745. [¶] . . . [¶] (2) *A petitioner, or their counsel, may file a motion for relevant evidence under subdivision (d) of [s]ection 745 upon the prosecution of a petition under this subdivision, or in preparation to file a petition.* [¶] . . . [¶] (5) The petition shall state if the petitioner requests appointment of counsel and the court shall appoint counsel if the petitioner cannot afford counsel and either the

12

33, 39–40 [holding that "the plain language of section 1473(e) imposes a duty on trial courts to consider whether indigent petitioners who request counsel . . . are entitled to appointed counsel based on an assessment of the adequacy of the factual allegations in the habeas petition, not an assessment of the overall sufficiency of the prima facie showing that must be met to obtain an [order to show cause]".)

    2. <u>Analysis</u>

As explained further below, we agree with the Attorney General that Phillips's appeal must be dismissed because the trial court's denial of Phillips's section 745(d) discovery motion is not appealable. However, we express no opinion on the merits of Phillips's entitlement to discovery or appointment of counsel. Phillips remains free to seek discovery and appointment of counsel in the trial court under the RJA.

Recent amendments to the Act have clarified the standards trial courts should use in evaluating such requests. (See Stats. 2025, ch. 721, §§ 2.5, 3.5 [amending § 745(d) to reference newly added § 1473, subd. (e)(2), which provides that a petitioner may file a section 745(d) discovery motion "upon the prosecution of a petition under this subdivision, or in preparation to file a petition," and amending § 1473(e) to provide that a court shall appoint counsel if a habeas corpus petition requests such an appointment and "pleads a plausible allegation of a violation of subdivision (a) of [s]ection 745"]; see also *id*. at § 1, subd. (b) [Legislature's declarations that "individuals must be afforded access to a broad range of relevant discovery to develop and support

---

petition pleads a plausible allegation of a violation of subdivision (a) of [s]ection 745 or the State Public Defender requests counsel be appointed. Newly appointed counsel may amend a petition filed before their appointment." (Stats. 2025, ch. 721, § 3.5, italics added.)

their potential RJA claims" and the "RJA's threshold to secure counsel is extremely low"].)

With respect to Phillips's current appeal, in *Montgomery*, the Fourth District Court of Appeal, Division One concluded "the RJA does not authorize a freestanding motion for discovery." (*Montgomery*, *supra*, 104 Cal.App.5th at p. 1071, review granted.) Rather, the RJA "only authorizes discovery in a pending proceeding in which the defendant has alleged a violation of section 745, subdivision (a)." (*Ibid.*) The *Montgomery* court explained that "the trial court [there] would have 'exceeded its jurisdiction by ordering postconviction discovery in the absence of any proceeding pending before that court.'" (*Id.* at p. 1072.) Accordingly, the *Montgomery* court applied the rule that " '[a]n order denying a motion the [trial] court lacks jurisdiction to grant does not affect a defendant's substantial rights' " and, thus, " '[a]ny appeal from such an order must be dismissed.' " (*Ibid.*) The *Montgomery* court further explained that the petitioner, nonetheless, could file a new RJA habeas corpus petition in a court of competent jurisdiction and renew his discovery motion. (*Ibid.*)

In *Serrano*, the Third District Court of Appeal similarly held that an order denying an RJA discovery motion is not appealable, but for a different reason than that stated in *Montgomery*. The *Serrano* court explained that interpreting section 745(d) as only "permitting a defendant to seek discovery in conjunction with the filing of a habeas corpus petition . . . does not go far enough" to further the purposes of the RJA. (*Serrano*, *supra*, 106 Cal.App.5th at p. 288, review granted.) Rather, according to the *Serrano* court, "eligible defendants may seek postjudgment discovery under section 745, subdivision (d) *in anticipation of filing a habeas corpus petition*." (*Id.* at p. 291, italics added.)

14

Nevertheless, the *Serrano* court also decided that a trial court order denying a postjudgment RJA discovery motion is not an appealable order under section 1237(b).  (See *Serrano*, *supra*, 106 Cal.App.5th at pp. 292–293, review granted.)  The *Serrano* court explained that "an appeal from the denial of such discovery is not an order 'after judgment' (§ 1237, subd. (b)) in the *criminal* action, but from an interlocutory order in a current or future habeas proceeding." (*Id*. at p. 292.)  The court continued:  "Like a motion for postconviction discovery under section 1054.9, a postjudgment discovery motion under the Act is merely a precursor to a criminal defendant asserting a claim under the Act, not an end in itself.  Whether or not discovery is disclosed will not directly affect defendant's custody status, conviction, or sentence.  Postjudgment discovery sought under the Act in connection with or in preparation for filing a petition for writ of habeas corpus is likewise an interlocutory order in connection with the anticipated filing of that habeas corpus petition.  Accordingly, this appeal must be dismissed." (*Id*. at pp. 292–293; see also *In re Steele* (2004) 32 Cal.4th 682, 688 [concluding that either party may challenge a trial court ruling under § 1054.9 by a petition for writ of mandate in the Court of Appeal].)  The *Serrano* court further explained that review of a trial court ruling on a postjudgment section 745(d) discovery motion lies in a mandate proceeding.[12]  (*Serrano*, at p. 292.)

As noted *ante*, our Supreme Court granted review in both *Montgomery* and *Serrano* and will likely provide guidance on the appealability issue. Further, in Assembly Bill 1071, the Legislature recently amended section 1473(e) (effective January 1, 2026) to provide that a petitioner may file a discovery motion under section 745(d) *"in preparation to file a [habeas corpus]*

---

[12] Phillips has not requested that this court treat his appeal in No. H052225 as a petition for writ of mandate.

*petition*" raising a claim under section 745. (See Stats. 2025, ch. 721, § 3.5, italics added [adding § 1473(e)(2)].) This new provision seemingly undermines the *Montgomery* court's holding that the RJA does not authorize a freestanding discovery motion.

Nonetheless, the Legislature has not directly responded to *Montgomery* and *Serrano* by statutorily authorizing an appeal to the Court of Appeal from the denial of a postjudgment RJA discovery motion. In fact, the Legislature decided not to enact such a provision when considering Assembly Bill 1071. The initial introduced version of Assembly Bill 1071 proposed adding new section 1473.2, which would have included a provision granting a right to appeal: "(j) The denial of counsel, granting or denial of disclosures to prepare a petition and the granting or denial of a petition brought under this section *shall be appealable pursuant to subdivision (b) of [s]ection 1237.*" (Assem. Bill No. 1071 (2025–2026 Reg. Sess.) as introduced Feb. 20, 2025, italics added.) The Senate, however, removed section 1473.2 from Assembly Bill 1071 before passing it. (See Sen. Amend. to Assem. Bill No. 1071 (2025–2026 Reg. Sess.) Aug. 29, 2025.) Its language does not appear in the enacted legislation.

Pending further guidance from our Supreme Court on the appealability issue, we are not persuaded by Phillips's arguments that *Montgomery* and *Serrano* were both wrongly decided. Further, we need not decide whether to adopt the reasoning in *Montgomery* or *Serrano* to resolve this appeal. It suffices for this court to conclude that, at this point, under either decision, the trial court's April 8 order denying Phillips's discovery motion is not appealable because either the trial court lacked jurisdiction to grant that motion under the current version of the Act or the denial order otherwise

16

does not satisfy section 1237(b).  Hence, we must dismiss Phillips's appeal in No. H052225.

## III.  DISPOSITION

The appeals in case Nos. H052212 and H052225 are dismissed.

_____
Danner, J.

WE CONCUR:




_____
Grover, Acting P. J.




_____
Bromberg, J.




**H052212, H052225**
***People v. Phillips***