Filed 1/3/25 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JASON ROBERT HODGE,<br><br>    Defendant and Appellant. | B337339<br><br>(Los Angeles County<br>Super. Ct. No. NA090420)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on December 27, 2024, and reported in the Official Reports (\_\_\_ Cal.App.4th \_\_\_ [2024 Cal.App. Lexis 838]) be modified in the following particular:

On page *20, last paragraph before the heading DISPOSITION, footnote designation number 5 is deleted. Further, footnote 5 is deleted in its entirety, which will require renumbering of the subsequent footnote.

There is no change in the judgment.

Hodge's petition for rehearing is denied.

CERTIFIED FOR PUBLICATION.


LUI, P. J.        ASHMANN-GERST, J.        RICHARDSON, J.

Filed 12/27/24 (unmodified opn.)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JASON ROBERT HODGE,<br><br>Defendant and Appellant. | B337339<br><br>(Los Angeles County<br>Super. Ct. No. NA090420) |

APPEAL from an order of the Superior Court of Los Angeles County. Daniel J. Lowenthal, Judge. Appeal dismissed.

Jason Robert Hodge, in pro. per.; and Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, and David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.

_____

Appellant Jason Hodge filed a notice of appeal from a trial court order denying two requests for relief: (1) a motion under the Racial Justice Act (Pen. Code,[1] § 745); and (2) a request for resentencing under section 1172.1. We conclude that the trial court's order was not appealable and we therefore dismiss the appeal.

Hodge pleaded no contest in 2012 to three felony counts of battery and assault with a deadly weapon. He was sentenced to an aggregate term of 21 years.

On January 5, 2024, Hodge filed two separate documents in the superior court: a "motion for relief due to discrimination" under section 745, subdivision (a); and a "request for recall of sentence and resentencing pursuant to Assembly Bill 600 and Penal Code section 1172.1." The trial court denied both the motion and the request in a single order dated February 6, 2024. With respect to Hodge's request for resentencing under section 1172.1, the trial court's order stated simply that "[t]he court respectfully declines to exercise its discretion to recall Mr. Hodge's sentence."

Hodge appealed, and appellate counsel filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216, raising no arguable issues. Hodge then filed his own supplemental brief, but did not address the issue of appealability. This court requested that the parties brief the issue of the appealability of the trial court's denial of Hodge's request for resentencing under section 1172.1 in light of our Supreme Court's

---

[1] Subsequent undesignated statutory references are to the Penal Code.

opinion in *People v. Loper* (2015) 60 Cal.4th 1155 (*Loper*). The parties subsequently did so.

As discussed below, we conclude that neither component of the trial court's order was appealable. The trial court's decision not to exercise its discretion to recall Hodge's sentence did not affect Hodge's substantial rights under section 1237, subdivision (b), because the trial court had no statutory obligation to act at all on Hodge's request. And the trial court did not have jurisdiction to consider Hodge's motion under the Racial Justice Act because incarcerated defendants whose convictions are final may only raise claims under that act in a petition for a writ of habeas corpus.

## I.     The Trial Court's Decision to Decline Hodge's Request for Recall of His Sentence Is Not Appealable

### A.     Statutory Context

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*Loper, supra,* 60 Cal.4th at p. 1159.)

Section 1172.1 provides authority for a trial court to recall the sentences of incarcerated defendants and resentence them under certain circumstances. Like its predecessor provisions (previously codified in section 1170, subdivision (d)(1) and section 1179.03, subdivision (a)), section 1172.1 is a statutory exception to the general rule that " 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634, 637, quoting *People v. Torres*

3

(2020) 44 Cal.App.5th 1081, 1085 (*Torres*); see *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.)

Under section 1172.1, a trial court may recall a sentence and resentence a defendant "at any time" upon the recommendation of various designated correctional or law enforcement authorities.  (§ 1172.1, subd. (a)(1).)  The trial court may also do so "on its own motion" within 120 days of the date of commitment.  (*Ibid.*)  Pursuant to an amendment effective January 1, 2024, a trial court now also has jurisdiction to recall a sentence and resentence a defendant on its own motion "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law."  (*Ibid.*; see Assem. Bill No. 600 (2023-2024 Reg. Sess. (AB 600).)

Section 1172.1 clearly assumes that at least some trial court orders applying its provisions will be appealable. Subdivision (d) of that section requires that, "[a]fter ruling on a referral authorized by this section, the court shall advise the defendant of their right to appeal and the necessary steps and time for taking an appeal."  However, neither that subdivision nor any other portion of section 1172.1 explicitly establishes a right to appeal.

Whether the trial court's decision in this case is appealable therefore depends upon the scope of section 1237, which generally governs a defendant's right to appeal in criminal cases.  Under that section, a defendant may appeal from (1) a final judgment of conviction (§ 1237, subd. (a)), and (2) "any order made after judgment, affecting the substantial rights of the party."  (§ 1237, subd. (b).)

4

The trial court's decision declining to recall Hodge's sentence occurred after judgment. Thus, the relevant issue is whether that decision resulted in an order that affected Hodge's substantial rights.

### B. The Trial Court's Written Decision Was an "Order"

Ordinarily it would be unnecessary to consider whether a trial court's written ruling on a request for relief constitutes an "order" for purposes of section 1237. However, section 1172.1 contains several explicit limitations on a defendant's rights and on a trial court's duty to act that justify some analysis of the issue.

Section 1172.1 expressly denies defendants the right to file a petition for resentencing under that section, and expressly excuses the trial court from acting on any such request that a defendant might nevertheless file. Subdivision (c) makes this clear: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).)

Thus, under this subdivision, the trial court in this case was not required to take any action in response to Hodge's request for resentencing. Had the court simply done nothing in response to Hodge's request, there would have been no document in the record that could have been characterized as an "order" for purposes of section 1237. However, the court in this case chose not to simply ignore Hodge's request, as it could have done, but instead conscientiously explained that it had received the request and that it "respectfully declines to exercise its discretion to recall Mr. Hodge's sentence." It is therefore fair to ask whether

5

the trial court's written description of its decision to do nothing, when it had no statutory obligation to do *anything*, actually amounted to an "order."

The Penal Code does not define the term "order." However, the Code of Civil Procedure defines an order broadly as "[e]very direction of a court or judge, made or entered in writing, and not included in a judgment." (Code Civ. Proc., § 1003.)

This definition does not directly apply to orders issued in criminal actions.[2] However, cases describing the nature of orders in civil actions are instructive in understanding the generally accepted meaning of an "order" in judicial proceedings. (See § 7 [words and phrases in the Penal Code "shall be construed according to the context and the approved usage of the language, but technical words and phrases, *and any others as may have acquired a peculiar and appropriate meaning in law,* shall be construed according to that peculiar and appropriate meaning"], italics added.)

The trial court's written decision here was not a "direction" to the *parties* to do or not do anything. (Code Civ. Proc., § 1003.) However, courts have recognized that a written decision on an application for relief also meets the commonly accepted definition of a judicial order. As the court explained in *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, despite the use of the word "direction" in Code of Civil Procedure section 1003, "we know that not all 'orders' contain such a 'direction,' " including orders

---

[2] Provisions in part 2 of the Code of Civil Procedure, in which section 1003 is located, do not govern criminal actions unless they are made expressly applicable to such actions. (See *People v. Superior Court (Laff)* (2001) 25 Cal.4th 703, 729, fn. 12; *People v. Costello* (1998) 65 Cal.App.4th 1242, 1247.)

denying requested relief such as an order "refusing to grant an injunction." (*Passavanti*, at p. 1605, fn. 3; see *Shpiller v. Harry C's Redlands* (1993) 13 Cal.App.4th 1177, 1179 ["an order is a document which contains a direction by the court that a party take or refrain from action, *or that certain relief is granted or not granted*"], italics added.)

Most relevant here, courts in criminal cases have treated written decisions denying postjudgment requests for resentencing as "orders" under section 1237 in a variety of contexts. (See, e.g., *Loper, supra,* 60 Cal.4th at p. 1158 [trial court decision denying request by prison authorities for the defendant's compassionate release was an appealable order]; *Teal v. Superior Court* (2014) 60 Cal.4th 595, 597 [trial court's denial of a petition for recall of a sentence under the Three Strikes Reform Act of 2012 (§ 1170.126, subd. (b)) was an appealable order]; *People v. Lopez* (2020) 51 Cal.App.5th 589, 595 [postjudgment order denying petition for resentencing under Senate Bill No. 1437 (now codified at § 1172.6) was appealable]; *People v. Torres, supra,* 44 Cal.App.5th at p. 1084 [order denying motion for resentencing that the trial court did not have jurisdiction to grant was not appealable].)

Here, Hodge filed a document requesting that the trial court exercise its discretion under section 1172.1 to resentence him on the court's own motion. The trial court declined to do so, in effect denying Hodge's request. The absence of any statutory obligation for the trial court to act in response to Hodge's request does not change the fact that the court's written decision denying that request meets the definition of a judicial "order."

However, as we explain below, the lack of any requirement for the trial court to rule on Hodge's request directly relates to the second relevant issue determining appealability here—i.e.,

7

whether the court's order denying Hodge's request for resentencing affected Hodge's "substantial rights."  (§ 1237, subd. (b).)

### C. The Trial Court's Decision Declining to Recall Hodge's Sentence on Its Own Motion Did Not Affect Hodge's Substantial Rights

As mentioned, section 1172.1, subdivision (c) contains two sentences addressing a defendant's request for resentencing under the statute.  The first denies defendants the right to file a petition seeking resentencing; the second excuses the court from any requirement to respond to such a request if made.  The first sentence does not affect the appealability of an order denying a defendant's request for resentencing under the statute, but the second does.

The first sentence of section 1172.1, subdivision (c) deprives a defendant of standing to file any petition for relief.  The absence of such standing is not itself a reason to conclude that an order denying resentencing is nonappealable.

In *Loper, supra,* 60 Cal.4th 1155, our Supreme Court explained that a criminal defendant may have a substantial right at stake in a petition for resentencing even if the defendant has no standing to file such a petition.  In *Loper*, the Secretary of the Department of Corrections and Rehabilitation (CDCR) recommended to the trial court that the defendant's sentence be recalled and the defendant be released under the "compassionate release" provisions of section 1170, subdivision (e) (now codified at section 1172.2).  (*Id.* at p. 1158.)  That section permitted CDCR to recommend resentencing and release for terminally ill or

8

incapacitated prisoners, but did not provide the prisoner with an independent right to petition the court.  (*Id.* at p. 1161.)

The court held that the defendant could appeal the trial court's order denying the CDCR request even though the defendant did not have standing himself to petition for release. The court reasoned that section 1237, subdivision (b) permits a defendant to appeal "*any* order" affecting his substantial rights, and the plain meaning of that term "shows the Legislature did not intend to limit appealability to parties who had standing to bring the original motion." (*Loper, supra,* 60 Cal.4th at p. 1162.) The court distinguished cases holding that defendants had no right to appeal from orders denying petitions for resentencing under the former section 1170, subdivision (d) (the predecessor to section 1172.1) that they had filed more than 120 days after the defendant's commitment, because the trial courts in those cases had lost jurisdiction to resentence on their own motion under the version of the statute in effect at the time.  It was this absence of trial court jurisdiction, not the defendant's lack of standing to file a petition, that was the key factor in those cases:  "Because the trial courts . . . had no jurisdiction to resentence on their own motion, their refusal to act on a defective defense motion for resentencing could not have affected any legal rights the defendants in those cases possessed, and the appellate courts properly dismissed the appeals." (*Id.* at pp. 1165–1166.)

Section 1172.1 now provides jurisdiction for trial courts to resentence on their own motion beyond 120 days when the defendant's sentence would be affected by a change in the law. When an incarcerated defendant is serving such a sentence, the holding in *Loper* means that the defendant's lack of standing to

9

file a petition for resentencing does not itself deprive the defendant of a substantial stake in the outcome.[3]

In contrast, the second sentence of section 1172.1, subdivision (c) does undermine any claim that defendants have a substantial right at stake when they file an unauthorized request for resentencing. That sentence excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling. The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one.

A contrary holding would result in an unprincipled and arbitrary rule governing the appealability of trial court decisions on defendants' requests for relief under section 1172.1. As discussed, a trial court is not required to issue any order in response to a defendant's request for resentencing. If a trial court does nothing—in effect denying a defendant's request through silence—there will be no order for a defendant to appeal. However, if any order denying a defendant's request for

---

[3] Hodge's sentence could be affected by such changes. Ten years of his sentence are due to enhancements for prior convictions for serious felonies under section 667, subdivision (a)(1). At the time Hodge was sentenced such enhancements were mandatory; as a result of amendments effective in 2019 under Senate Bill No. 1393 (2017-2018 Reg. Sess.), a trial court now has discretion to strike such enhancements.

resentencing under section 1172.1 is appealable, a trial court order simply informing a defendant that it intends to do nothing (such as the trial court issued here) would create a right to appeal. It seems unlikely that the Legislature intended such an irrational and arbitrary result.

Our Supreme Court's analysis in *Loper* also supports the conclusion that a defendant's substantial rights are not affected by a trial court's denial of a request for resentencing when the trial court is not obligated to rule on such a request. In *Loper*, the trial court had an obligation to rule on the CDCR's statutorily authorized request that the defendant be granted compassionate release under section 1170, subdivision (e.) The court explained that the statutory obligation this request created was a key factor in the court's conclusion that the defendant's substantial rights were at stake: "Although defendant has no independent right to initiate compassionate release proceedings in the trial court, the Secretary evaluated defendant's medical condition and made a recommendation for compassionate release on his behalf. By providing a mechanism for releasing eligible prisoners from custody, section 1170(e) implicates a prisoner's substantial interest in personal liberty. Moreover, although section 1170(e) authorizes the trial court to exercise discretion whether to release a prisoner for compassionate reasons, the statute also establishes clear eligibility criteria (§ 1170(e)(2)), suggesting that discretion is not unfettered when evidence is presented satisfying the statutory criteria. These factors lead us to conclude the trial court's ruling clearly affected defendant's substantial rights for purposes of section 1237, subdivision (b)." (*Loper, supra,* 60 Cal.4th at p. 1161, fn. 3.)

11

The court in *Loper* cited its opinion in *People v. Carmony* (2004) 33 Cal.4th 367 (*Carmony*), which also considered a situation in which a defendant lacked standing to move for relief. In *Carmony,* the court held that a defendant's inability to move to dismiss a prior strike under section 1385 did not preclude him from raising a trial court's erroneous failure to do so on appeal. In reaching that decision, the court disapproved the Court of Appeal's opinion in *People v. Benevides* (1998) 64 Cal.App.4th 728, rejecting as "faulty" the reasoning of the court in that case that section 1385 " 'does not confer a motion or right to relief upon the defendant' " and that a trial court " 'is under no obligation to rule on such a "motion." ' " (*Carmony*, at p. 375, quoting *Benevides,* at p. 734.) The court in *Carmony* acknowledged that a defendant "has no right to make a motion, and the trial court has no obligation to make a ruling, under section 1385," but emphasized the constraints on a trial court's discretion that do exist: "[A defendant] does have the right to 'invite the court to exercise its power by an application to strike a count or allegation of an accusatory pleading, and the court must consider evidence offered by the defendant in support of its assertion that the dismissal would be in furtherance of justice.' " (*Carmony,* at p. 375, quoting *Rockwell v. Superior Court* (1976) 18 Cal.3d 420, 441.) Moreover, " '[w]hen the balance falls clearly in favor of the defendant, a trial court not only may *but should* exercise the powers granted to [it] by the Legislature and grant a dismissal in the interests of justice.' " (*Carmony,* at p. 375, quoting *People v. Superior Court (Howard)* (1968) 69 Cal.2d 491, 505.)

Unlike the authorized CDCR request in *Loper,* Hodge's unauthorized request for the trial court to reconsider his sentence

12

created no statutory obligation to act in this case. And unlike the eligibility criteria governing a trial court's decision to deny compassionate release under former section 1170 and the limits on a trial court's discretion not to dismiss a prior strike under section 1385, section 1172.1 places no constraints on the trial court's decision declining to initiate reconsideration of a sentence on its own motion.

Section 1172.1 does contain various procedural requirements and criteria governing a trial court's resentencing decision. However, those requirements only apply once the court has either received an *authorized* request for resentencing from designated officials or has formally initiated consideration of whether to resentence the defendant on its own motion. For example, subdivision (a)(9) states that "[r]esentencing shall not be denied, nor a stipulation rejected, without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection." Subdivision (a)(7) provides that the court must "state on the record the reasons for its decision to grant or deny recall and resentencing." And subdivision (a)(5) requires the court to consider various postconviction factors in "recalling and resentencing pursuant to this provision."

These requirements make sense following an authorized motion for recall and resentencing by designated authorities or by the court itself. But they could not logically apply to a trial court's response to a defendant's unauthorized request for resentencing.

Applying the requirements for a hearing and a ruling on the record to a defendant's request for resentencing would directly contradict the clear statement in subdivision (c) that, "[i]f a defendant requests consideration for relief under this section,

13

the court is not required to respond." And, if a trial court is not required to respond at all to a defendant's request, there is also no reason for any requirement that the trial court consider particular postconviction factors in making such a nondecision. Moreover, there would be no mechanism for a court's consideration of such factors without a briefing or hearing requirement.

The lack of any statutory constraints on a trial court's decision to decline action on a defendant's request for resentencing under section 1172.1 also means that there would be nothing for this court to review on appeal. Discretionary decisions by the trial court are generally subject to appellate review under the abuse of discretion standard to determine if they were within the bounds of some applicable legal criteria. (See *Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.) In particular, a trial court's discretionary sentencing decision may be reviewed to determine if the court acted to achieve legitimate sentencing objectives or if the decision was merely irrational or arbitrary. (*Carmony, supra,* 33 Cal.4th at pp. 376–377.) Here, however, the trial court did not make a sentencing decision: It simply declined to reconsider a decision it had already made. There are no discernable criteria for an appellate court to evaluate a trial court's decision *not* to reconsider a sentence on its own motion under section 1172.1.

Finally, the conclusion that a trial court's order declining a defendant's request for recall and resentencing is not appealable is supported by section 1172.1, subdivision (d). That subdivision describes the trial court's obligation to advise the defendant "of their right to appeal and the necessary steps and time for taking an appeal." (§ 1172.1, subd. (d).) But a trial court has such an

obligation only "[a]fter ruling on a referral *authorized by this section*." (*Ibid.,* italics added.)  Under subdivision (c), a defendant is "not entitled to file a petition seeking relief from the court under this section." (§ 1172.1, subd. (c).)  A defendant's request for resentencing is therefore clearly not "authorized by this section." (§ 1172.1, subd. (d).)  The absence of any obligation by the trial court to advise the defendant of a right to appeal the denial of the defendant's unauthorized request for resentencing strongly suggests that the Legislature did not intend to create such a right.[4]

We need not consider in this case whether a defendant's substantial rights are at stake when a trial court has denied resentencing after it has (1) formally initiated a process to consider that decision on its own motion; (2) held a hearing under subdivision (a)(9); and (3) issued a ruling explaining its reasons under subdivision (a)(7).  In that situation, the trial court's own motion is arguably equivalent to an authorized motion by designated authorities, creating a right for the defendant to a ruling on the merits.  That did not occur here.  We hold only that a trial court's order declining to exercise its discretion under section 1172.1 to recall a defendant's sentence on its own motion after receiving the defendant's unauthorized request for such relief does not affect the defendant's substantial rights under section 1237, subdivision (b).

---

[4] The legislative history of AB 600 does not address subdivisions (c) or (d), which the bill added to section 1172.1.

## II. The Trial Court's Denial of Hodge's Motion for Relief Under the Racial Justice Act is Not Appealable

The Racial Justice Act (§ 745) precludes the state from seeking or obtaining a criminal conviction or sentence on the basis of race, ethnicity, or national origin. It provides remedies upon proof of a violation for defendants in ongoing criminal prosecutions, and also for convicted defendants whose convictions are already final if they are eligible to seek relief under the application provision of the statute. (§ 745, subds. (e) & (j).)

Here, the trial court's decision denying Hodge's motion for relief under the Racial Justice Act is not appealable because the trial court lacked jurisdiction to provide the relief that Hodge requested. (See *Loper, supra,* 60 Cal.4th at pp. 1165–1166; *Torres, supra,* 44 Cal.App.5th at p. 1084 ["If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed"].) Under the subdivision of section 745 that describes the scope of the statute's application, defendants such as Hodge whose judgment is already final are permitted to bring a Racial Justice Act claim only in (1) a petition for writ of habeas corpus pursuant to section 1473 (for incarcerated defendants), or (2) a motion under section 1473.7 (for defendants who are no longer in criminal custody). (§ 745, subdivision (j); see *In re Montgomery* (2024) 104 Cal.App.5th 1062, 1070, review granted Dec. 11, 2024, S287339 ["Sections 1473 and 1473.7 govern postjudgment assertions of RJA claims"; cf. *People v. Serrano* (2024) 106 Cal.App.5th 276, 292–293, petn. for review pending [a postjudgment motion for discovery under the Racial Justice Act is "an interlocutory order

16

in connection with the anticipated filing of [a] habeas corpus petition" rather than an order after judgment in the criminal action, and is therefore not appealable].) Hodge is in custody, and he therefore may seek review under the Racial Justice Act only in a petition for a writ of habeas corpus.[5] The trial court therefore lacked jurisdiction to act on the motion that he filed, and the court's order denying that motion is not appealable.[6]

---

[5] In any event, it appears that Hodge is not yet eligible for consideration of any Racial Justice Act claim he might choose to make. Section 745, subdivision (j) establishes a schedule for applying the statute to defendants whose convictions are already final. Under that schedule, Hodge would not be eligible to file a habeas petition alleging a Racial Justice Act violation until January 1, 2026, at which time the statute will apply to all petitions seeking review of a felony conviction "regardless of when the judgment or disposition became final." (§ 745, subd. (j)(5).)

[6] Had Hodge filed a petition for a writ of habeas corpus, the trial court's ruling denying that petition also would not have been appealable. A defendant may not appeal a trial court's denial of a habeas petition, but may seek review only through a subsequent habeas petition filed in a reviewing court. (*In re Reed* (1983) 33 Cal.3d 914, 918, fn.2; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 986.)

## DISPOSITION

The appeal is dismissed.

CERTIFIED FOR PUBLICATION.


                                                  LUI, P. J.

We concur:


ASHMANN-GERST, J.


RICHARDSON, J.